UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

```
_____
                              )
ALVIN FAULKNER,               )
         Petitioner,          )
                              )     CIVIL ACTION
         v.                   )     NO. 22-12122-WGY
                              )
US. IMMIGRATION AND           )
NATURALIZATION,               )
         Respondent,          )
                              )
_____
```

YOUNG, D.J.                                          June 7, 2023

### MEMORANDUM AND ORDER

For the reasons stated below, the Court finds as moot the Magistrate Judge's Report and Recommendation, grants the motion for leave proceed in forma pauperis and dismisses this action for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.   Background**

Petitioner Alvin Faulkner, while in custody at the Western Correctional Institution in Sykesville, Maryland, filed a pro se pleading seeking to have this court "order the respondent to retain custody of plaintiff and return him back to his county." Doc. No. 1.  The case was randomly assigned to a Magistrate Judge pursuant to the District Court's Program for Random Assignment of Civil Cases to Magistrate Judges.  Doc. No. 2.  In the absence of a consent to the Magistrate Judge's jurisdiction,

that initial assignment is treated as a referral to the Magistrate Judge under 28 U.S.C. § 636(b). Id.

Because Faulkner failed to pay the filing fee or file a motion for leave to proceed in forma pauperis, a Procedural Order issued on March 13, 2023, directing him either to pay the $5.00 filing fee or file a motion for leave to proceed in forma pauperis accompanied by a copy of his prison account statement Doc. No. 4.  Faulkner failed to respond to the Procedural Order. See Docket.

On April 25, 2023, the Magistrate Judge issued an Order for Reassignment and Report and Recommendation recommending that the action be dismissed without prejudice.  Doc. No. 5.  The case was reassigned to the undersigned.  Doc. No. 6. Objections to the Report and Recommendation were due by May 9, 2023.

On April 28, 2023, Faulkner filed an Application to Proceed in District Court Without Prepaying Fees or Costs.  Doc. No. 8.

**II.  Discussion**

The Court grants Faulkner leave to proceed in forma pauperis.  Turning to the merits, the Court finds that Faulkner has not stated a claim for relief. In this case, the Court recognizes that Faulkner's pro se pleading must be construed generously.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept., 209 F.3d 18, 23 (1st Cir. 2000).  However, even under a generous reading,

this action will be dismissed sua sponte because this Court lacks jurisdiction to grant the relief Faulkner seeks.

Although Faulkner does not expressly state that he seeks mandamus relief, the request is, in essence, one for mandamus, since he seeks an Order compelling a federal official to act in a certain fashion. The common-law writ of mandamus, as codified in 28 U.S.C. § 1361[1], is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear, non-discretionary duty. Heckler v. Ringer, 466 U.S. 602, 616 (1984) (citations omitted); Georges v. Quinn, 853 F.2d 994, 995 (1st Cir. 1988). Here, Faulkner has not met his burden of establishing that he exhausted his all other avenues of relief and that the defendant has a clear, non-discretionary duty to return Faulkner to his country.

To the extent Faulkner's pleading is construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, the proper respondent in a habeas corpus action is the petitioner's custodian. Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004). Here, Faulkner is in custody in Maryland and this Court does not

---

[1] The federal mandamus statute provides that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

[3]

have jurisdiction over Faulkner's custodian.  Although the Supreme Court has not decided whether the Attorney General is a proper respondent to a habeas petition filed by an alien pending deportation, see id. at 436, n.8, in the First Circuit, "an alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained," Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000).  Therefore, the proper respondent is the warden of the institution where Faulkner was confined when the petition was filed.  Because Faulkner is at the Central Maryland Correctional Facility, the proper respondent is warden at this Maryland facility.

Moreover, district courts are limited to granting habeas relief 'within their respective jurisdictions.'" Padilla, 542 U.S. at 442.  This means "nothing more than that the court issuing the writ have jurisdiction over the custodian."  Id. (quoting Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973)).  Thus, jurisdiction over a habeas petition only lies in the District of Maryland if the Court has jurisdiction over Faulkner's custodian.  However, the "general rule" is that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Id. at 443.  Because the District

[4]

[5]

of Massachusetts is not the district of Faulkner's confinement, this Court lacks jurisdiction to entertain a habeas petition.

### III. Order

Based upon the foregoing, it is hereby Ordered that

1.   The Court finds as moot the Magistrate Judge's Report and Recommendation.

2.   The motion for leave to proceed in forma pauperis is GRANTED.

3. This action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The clerk shall enter a separate order of dismissal.

**SO ORDERED.**

                                         /s/ William G. Young  
                                         WILLIAM G. YOUNG  
                                         UNITED STATES DISTRICT JUDGE